IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:04-cr-00064-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KEVIN CHRISTOPHER MAKERSON, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's *pro se* "Motion for Imposition of a New Sentence under the First Step Act" [Doc. 105], as supplemented by the Federal Defender [Doc. 110], and the Government's "Response Consenting to a Reduction in Sentence under the First Step Act" [Doc. 111].

**I.    BACKGROUND**

Between 2001 and 2003, the Defendant Kevin Christopher Makerson participated in a drug-trafficking conspiracy that operated in Rutherford County and involved the distribution of large quantities of crack cocaine. [See Doc. 108: PSR at ¶¶ 7-10, 12, 14-15, 17-18]. The Defendant received

kilogram-quantities of crack cocaine and supplied crack cocaine to at least seven other members of the conspiracy. [Id. at ¶¶ 14, 17-18].

A federal grand jury indicted the Defendant, charging him with one count of conspiracy to possess with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841 and 846, and three counts of possession with intent to distribute at least 5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). [Doc. 1 at 1-2]. The Government filed an information pursuant to 21 U.S.C. § 851, notifying the Defendant that it intended to seek an enhanced penalty under 21 U.S.C. § 841(b)(1)(A) because the Defendant had previously been convicted of a felony drug offense. [Doc. 2]. The Defendant entered into a written plea agreement with the Government and pleaded guilty to one of the substantive drug-trafficking offenses. [Doc. 30 at ¶ 1]. This Court sentenced the Defendant to 90 months' imprisonment, to be followed by eight years of supervised release. [Doc. 45 at 2-3].

The Defendant served his custodial sentence, and his supervised release commenced in June of 2010. [See Doc. 86 at 1]. In April of 2017, the Defendant's supervising probation officer filed a petition seeking the revocation of the Defendant's supervised release. [Id.]. The probation officer alleged that between May and June of 2015, the Defendant committed

2

multiple new offenses, including conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine. [Id.]. The probation officer also alleged that the Defendant possessed a Schedule IV controlled substance in August of 2016. [Id. at 2]. The probation officer noted that the alleged violation of the conditions of supervised release was a Grade A violation and that the Sentencing Guidelines policy statement, U.S.S.G. § 7B1.4(a), recommended a sentence of between 30 and 37 months in prison based on the Defendant's criminal history category (CHC) of III. [Id. at 5].

Related to the conduct underlying the first alleged violation of the conditions of the Defendant's supervised release, a federal grand jury indicted the Defendant and charged him with one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and two counts of possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1). [Criminal Case No. 1:17-cr-59, Doc. 1]. The Defendant entered into a written plea agreement to plead guilty to one of the substantive drug-trafficking offenses in exchange for the Government dismissing the conspiracy and second substantive drug-trafficking charges. [Id., Doc. 16].

In August of 2017, this Court revoked the Defendant's supervised release in his original criminal case and sentenced him to 30 months' imprisonment, to be served consecutively to any sentence imposed in Criminal Case No. 1:17-cr-59. [Doc. 94]. Two months later, this Court sentenced Makerson to 46 months' imprisonment in Criminal Case No. 1:17-cr-59, again stating that the sentences would run consecutively. [Criminal Case No. 1:14-cr-59, Doc. 28].

The Defendant now moves for a reduction of his sentence under Section 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). [Docs. 105, 110].

## II. DISCUSSION

Section 404 of the First Step Act of 2018 gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010.[1] Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." 132 Stat. at 5222. Section 404(b) then provides that "[a] court that

---

[1] The Fair Sentencing Act of 2010, Pub. L. No. 111-220, increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841, by raising the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams."

4

imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Id.  A defendant serving a term of imprisonment for violation of the terms of his supervised release may be eligible for a reduction of his revocation sentence if his original conviction falls within the First Step Act's definition of a "covered offense."  United States v. Venable, 943 F.3d 187, 193 (4th Cir. 2019); see also United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019).

The Court has authority to reduce the Defendant's revocation sentence because he was convicted of an offense—possession with intent to distribute at least five grams of crack cocaine—the penalties of which were reduced by the Fair Sentencing Act.  Whether the Defendant's sentence should be reduced, and the extent of any such reduction, are matters within the Court's discretion.  See Section 404(b), First Step Act of 2018, 132 Stat. at 5222 ("[a] court that imposed a sentence for a covered offense *may* . . . impose a reduced sentence").

The Defendant argues that the relevant § 3553(a) factors support a revocation sentence of six months.  [Doc. 110 at 8].  The Government, on the other hand, argues that the sentencing considerations of 18 U.S.C. § 3553(a) support a reduction to only 18 months.  [Doc. 111 at 5].

5

Had the Fair Sentencing Act been in effect at the time the Defendant committed his offense, he would have been subject to a statutory maximum term of 30 years in prison rather than a maximum of life. This would have changed the classification of his felony offense from a Class A felony to a Class B felony. See 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 3559(a)(2). The Sentencing Guidelines' policy statement that applies to revocation sentences recommends a sentence of between 18 and 24 months in prison for a defendant with a CHC of III who has committed a Grade A violation of the conditions of his supervised release and who was not on supervised release as a result of a sentence for a Class A felony. See U.S.S.G. § 7B1.4(a). Because retroactive application of the Fair Sentencing Act changes the classification of the Defendant's offense of conviction from a Class A felony to a Class B felony, the policy statements suggest a sentence of between 18 and 24 months, instead of 30 to 37 months.

Here, this Court imposed a sentence at the low end of the range suggested by the policy statements. It is likely that had the policy statements suggested a range of 18 to 24 months, instead of a range between 30 and 37 months, this Court would have sentenced the Defendant to a sentence of 18 months for the violation of the conditions of his supervised release.

Consideration of the relevant § 3553(a) factors supports a sentence of 18 months. The Defendant served a lengthy prison sentence and made the choice to return to the same drug-trafficking crimes that led to that prison sentence. In doing so, he violated this Court's trust. Thus, the Court finds that an 18-month revocation sentence is warranted to punish him for the violation of that trust. Additionally, the Defendant's history and characteristics, which include multiple convictions for drug-trafficking offenses, weigh against a downward-variance sentence, as does the nature and seriousness of the new-law violation he committed. Further, the need to protect the public from the Defendant's criminal behavior and the need to deter the Defendant from violating the conditions of his supervised release also weigh in favor of a sentence within the range suggested by the policy statements.

The Defendant contends that a reduced sentence of six months is warranted because, if he had been convicted today of his underlying offense of conviction, he would not serve the same sentence that he had. The Court finds this argument to be without merit. The Defendant served a sentence for his original crime that was comparable to those who committed that offense at that time. Thus, the reduction of his sentence to a term within the range suggested by the policy statements does not create an unwarranted

7

sentence disparity. Additionally, the sentence imposed for the revocation of the Defendant's supervised release is to punish him for the violation of this Court's trust, not for his original offense conduct.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* "Motion for Imposition of a New Sentence under the First Step Act" [Doc. 105], as supplemented by the Federal Defender [Doc. 110] is **GRANTED**, and the Defendant's revocation sentence is hereby **REDUCED** to a term of 18 months' imprisonment, to run consecutively to the term of imprisonment imposed in Criminal Case No. 1:17-cr-59.

**IT IS SO ORDERED.**

Signed: May 21, 2020

Martin Reidinger
United States District Judge