THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:04-cr-00064-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> KEVIN CHRISTOPHER MAKERSON, ) </br> ) </br> Defendant. ) </br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 113].

**I.   BACKGROUND**

In 2005, the Defendant Kevin Christopher Makerson was convicted of possession with intent to distribute cocaine base and was sentenced to 90 months' imprisonment to be followed by eight years of supervised release. [Doc. 45]. The Defendant served his term of imprisonment and began serving his supervised release term in June 2010. In April 2017, he was charged with violating the terms of his supervised release by committing new drug-related offenses. [Doc. 86]. These offenses also resulted in the filing of a new Indictment in Criminal Case No. 1:17-cr-00059-MR-WCM. In

September 2017, the Court revoked his term of supervised release and sentenced him to 30 months' imprisonment to be served consecutively to a 30-month sentence imposed in Criminal Case No. 1:17-cr-00059-MR-WCM. [Doc. 94].

The Defendant filed the present motion, seeking a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of a number of chronic health conditions and the ongoing COVID-19 pandemic. [Doc. 113 at 1-2]. At the time that he filed his motion, the Defendant was housed at FCI Butner Low. [See Doc. 113-2]. On September 9, 2021, the Defendant was released to a halfway house placement in Raleigh, North Carolina.[1] His projected release date is December 21, 2021.

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

---

[1] See https://www.bop.gov/inmateloc/ (last visited Sept. 21, 2021).

warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Defendant has exhausted the necessary administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

The Defendant's motion sought his early release from FCI Butner Low, the facility at which he served his term of incarceration. Specifically, the Defendant argued that COVID-19 had spread throughout the Bureau of Prisons, and that Butner Low was particularly "hard hit." [Doc. 113 at 2]. He further argued that Butner Low had failed to implement the COVID-19 guidelines issued by the Centers for Disease Control and Prevention ("CDC"). [Id.]. Given that the Defendant has now been released from Butner Low and has been transferred to a halfway house, it appears that the basis for his compassionate release request is now moot and should be denied on this basis alone.

In any event, the Defendant has failed to establish that extraordinary and compelling reasons warrant a reduction of his sentence. While the Defendant has identified a number of medical conditions which he contends renders him more susceptible to serious illness or death from COVID-19 [Doc. 113 at 1], BOP medical records indicate that the Defendant was fully

vaccinated against the virus prior to his release. [See Doc. 121-1]. According to the CDC, vaccine effectiveness studies indicate that the mRNA COVID-19 vaccines can reduce the risk of serious illness among people who are fully vaccinated by 90 percent or more.[2] Because the Defendant has been released to a halfway house, and because he has been fully vaccinated against the coronavirus, the Court concludes that the Defendant has failed to show that extraordinary and compelling reasons warrant a reduction in his sentence. Accordingly, the Defendant's motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 113] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 22, 2021

Martin Reidinger
Chief United States District Judge

---

[2] See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Sept. 21, 2021).